UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA SUE WILSON,

       Plaintiff,

vs.

Case No. 13-CV-10158
HON. GEORGE CARAM STEEH

CAROLYN W. COLVIN,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

       Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES

Plaintiff Debra Sue Wilson moves to recover $6,727.15 in attorney fees and costs, following entry of this court's November 19, 2013 Order remanding this matter for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).  Attorney fees are recoverable by a "prevailing party" against the United States under the Equal Access to Justice Act ("EAJA") unless the position of the United States was "substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004).  To be found reasonably justified, the Government's position must have been justified, in both fact and law, to a degree that would satisfy a reasonable person. *Howard*, 376 F.3d at 554 (citing *Pierce v. Underwood*, 487 U.S. 552, 569 (1988)).

In the case at bar, the ALJ discounted Dr. Quines' opinion on the basis he "did not provide any information regarding the nature, frequency and length of contact" he had with plaintiff.  However, the Report and Recommendation points out, "The record

-1-

shows that before he [Dr. Quines] rendered his opinion, Plaintiff had visited Dr. Quines from May of 2010 through January of 2011." This observation by the Magistrate Judge addresses the length of the relationship between plaintiff and Dr. Quines. The Report also lists the following treatment from Dr. Quines: x-ray referrals, prescriptions for medications, follow-ups with Dr. Quines, and the fact plaintiff viewed Dr. Quines as her primary care physician and family doctor. Therefore the frequency and nature of the contact Dr. Quines had with plaintiff could have been evaluated. The Magistrate Judge asserted "the ALJ should have applied the treating physician rule to determine how much weight to give to the opinion." As a further example of record support of the treating physician relationship, plaintiff directs the court to the psychiatric evaluation from Tuscola Behavioral Health Systems, which states: "[Plaintiff] to discuss with her PCP any health issues and inform PCP of mental status and any psychotropic medications she may be taking . . . . PCP, Dr. Quines."

      The Report and Recommendation was not objected to, and was adopted by the court. Based on the analysis conducted by the Magistrate Judge, plaintiff argues that the Commissioner's defense of the ALJ's lack of evaluation of the treating relationship, and failure to apply the treating physician rule, was legally and factually erroneous.

      In response to the Government's argument that the ALJ committed a mere "articulation error," which would support a finding that the Commissioner was reasonably justified, the plaintiff points out that the Magistrate Judge considered a scenario where the ALJ found that Dr. Quines did not qualify as a treating source. In that instance, the ALJ still would be in error because the discounting of Dr. Quines' opinion would mean that the ALJ improperly relied on raw medical data in formulating

the RFC determination instead of opinion evidence.  The ALJ's failure to properly evaluate Dr. Quines' opinion led to the rejection of an opinion from a treating physician without proper basis.

The Government argues that its position meets the substantial justification standard because the court remanded the matter for further consideration of the opinion of Dr. Quines.  However, based on the evidence discussed above, as well as in the Report and Recommendation, this court finds that the Commissioner did not act reasonably in law or in fact in defending the ALJ's evaluation of the treating relationship and failure to apply the treating physician rule.

The Government does not contest the number of hours claimed to have been worked by plaintiff's counsel, only that plaintiff's request for fees is in excess of the rate of the statutory cap.  The EAJA provides that the amount of attorney's fees awarded "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).

The Sixth Circuit has held that plaintiffs do not meet their burden for increased attorney fees by merely submitting the Department of Labor's Consumer Price Index ("CPI") to justify a cost of living increase.  *Bryant v. Comm's of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).  In this case, plaintiff attaches the CPI for the Midwest urban region of the country, showing a cost of living increase which yields an hourly rate of $171.06 for work performed in 2012 and $173.01 for work performed in 2013.  Plaintiff's attorney, Howard Olinsky, also attaches his affidavit which describes his professional

qualifications, including the fact that he has practiced Social Security law for the past 28 years. He calculates his fees in this case at 1.6 hours of work performed in 2012 and 36.7 hours of work performed in 2013, for a total of $6,623.15. In addition, Mr. Olinsky seeks $80.00 an hour for 1.3 hours of administrative work, for a total of $104.00. The total EAJA fees sought are $6,727.15. The court finds that the CPI and Mr. Olinsky's affidavit are sufficient documentation to support an increased attorney fee in this case.

Plaintiff seeks an additional $692.04 for work done by counsel on its reply brief. The court finds that plaintiff's counsel is amply compensated for his work on this case and will disallow recovery of this additional attorney fee.

IT IS HEREBY ORDERED that plaintiff's motion for attorney fees pursuant to the EAJA is GRANTED in the amount of $6,727.15.

So ordered.

Dated: March 3, 2014

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 3, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk